IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHNNIE MITCHELL, | ) | 8:11CV379 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ETTA GRAVES, LESLEY | ) | |
| DOUGLAS, and TERRI SIMMS, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on November 4, 2011. (Filing No. 1.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

**I.    SUMMARY OF COMPLAINT**

Plaintiff's Complaint is nearly impossible to decipher. As best as the court can tell, Plaintiff argues he was wrongfully arrested. The relevant portion of his Complaint reads:

> Defendant violated Petetoners [sic] constitutional rights when they caused warrant to be issued for Petitioner[']s arrest in State vs. Mitchell CR 119048 warrant annexed in midst of appeal knowing appeal extant Sims says that: Because some one "switch" in jobs the fine did not get pulled from wheel as consequence warrant issued for arrest of Mitchell.

(Filing No. 1 at CM/ECF pp. 1-2.)

Plaintiff has named Etta Graves, Lesley Douglas, and Terri Simms as defendants in this matter. However, his Complaint does not set forth who these individuals are or what role they played in violating his constitutional rights. Plaintiff seeks an injunction and damages from Defendants. (*Id.* at CM/ECF p. 2.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

The court has carefully reviewed Plaintiff's Complaint. The Complaint suffers from numerous defects, the least of which being that Plaintiff does not state how any of the named Defendants violated his federally cognizable civil rights. A complaint that only lists a defendant's name in the caption without alleging that the defendant was personally involved in the alleged misconduct fails to state a claim against that defendant. *See Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (citing *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (holding that court properly dismissed

a pro se complaint where the complaint did not allege that defendant committed a specific act and the complaint was silent as to defendant except for his name appearing in caption)).

IT IS THEREFORE ORDERED that:

1. On the court's own motion, Plaintiff shall have 30 days to amend his Complaint to clearly state a claim upon which relief may be granted in accordance with this Memorandum and Order. In other words, Plaintiff must set forth how each Defendant violated his federally cognizable civil rights. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice for failure to state a claim upon which relief may be granted.

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on February 23, 2012.

3. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

DATED this 24th day of January, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.